

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:JN
F. #2019R00102

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 24, 2020

By Hand and ECF

The Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Jose Carlos Grubisich
               Criminal Docket No. 19-102 (RJD)

Dear Judge Gold:

      The government respectfully submits this letter in response to defendant Jose Carlos Grubisich's January 21, 2020 letter and attachments ("Defendant's Letter") seeking relief from the Court in restraining certain of the defendant's assets in Brazil in support of his bail application before the Court. See ECF Document No. 26. Specifically, the defendant seeks to have the Court enter two orders restraining $20 million in funds (together, the "Proposed Restraining Orders") held in bank accounts at Banco Santander and Credit Suisse (the "Financial Institutions"), both accounts located in Brazil, so that the funds can be used as security for the defendant's bail application before this Court. As previously stated, the government objects to the bail conditions contemplated by the Defendant's Letter. Moreover, the government continues to believe that only a transfer of the restrained funds to the jurisdiction of the United States would more likely ensure the defendant's future appearance in court to face the charges against him. However, should the Court agree with the approach suggested in the Defendant's Letter, the government submits the following specific objections and requests with respect to the proposed approach, as discussed below.

      First, the Proposed Restraining Orders appear to have no force on their own because they are directed at the Financial Institutions, which are located outside of the Court's jurisdiction. Second, while defense counsel has indicated that if the letter rogatory requesting the assistance of the Brazilian court in restricting the assets is entered by the Brazilian court it would make this Court's Proposed Restraining Orders enforceable in Brazil, the government has serious concerns about whether this would in fact be the case. As a result, and without having the benefit of seeing any proposed order to the Brazilian court, the government requests that it have an opportunity to address this Court if the Brazilian court issues such an order enforcing the Proposed Restraining Orders. Lastly, as indicated in the Defendant's Letter, any such Brazilian

court order should not be deemed final by this Court unless the government and the Court have written confirmation that the Financial Institutions will abide by such order.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
Alixandra Smith
Julia Nestor
Assistant U.S. Attorneys
(718) 254-7000

ROBERT ZINK
Chief, Fraud Section
Criminal Division
U.S. Dept. of Justice

By:        /s/
Lorinda Laryea, Assistant Chief
Leila Babaeva, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(202) 353-3439

cc: The Honorable Raymond J. Dearie (by ECF and Email)
    Edward Kim, Esq. of Krieger Kim & Lewin LLP (by ECF and Email)