

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  | *United States Attorney*<br>*Eastern District of New York* |
| AES:JN<br>F. #2019R00102 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

October 23, 2020

<u>By E-mail and ECF</u>

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  <u>United States v. Jose Carlos Grubisich</u>
       <u>Criminal Docket No. 19-102 (RJD) </u>

Dear Judge Dearie:

    The government respectfully submits this letter in response to defendant Jose Carlos Grubisich's October 12, 2020 letter ("Defendant's Letter" or "Ltr.") requesting that the Court order the government to provide the information sought by the defendant's motion for a bill of particulars ("Defendant's Motion"). <u>See</u> ECF Document No. 68. The Defendant's Motion seeks far more than the law permits and should be denied.

    The Indictment charges the defendant with participating in three conspiracies: (1) to bribe foreign officials (Count One); (2) to falsify Braskem's books and records and falsely certify financial reports (Count Two); and (3) to launder money to promote the bribery and false books and records schemes (Count Three). The detailed Indictment, well-organized discovery, including detailed indices, and additional disclosures provided by the government regarding the charges provide the defendant with more than sufficient information to understand the charges against him and prepare a defense. <u>See</u> Government's Opposition to Defendant's Motion ("Opposition"), ECF Doc. No. 65, at 44-45.

    The defendant's assertion that the particulars he seeks are "essential to understanding the nature of the charges pending against" him, Ltr. at 2, is without merit. The defendant seeks that the Court compel the government to identify: (1) "whether [he] is charged with participating in any bribery schemes other than the two bribery schemes identified in the Indictment"; (2) "which bribery schemes various payments were designed to facilitate"; and (3) "what additional transactions were made in furtherance of the charged money laundering conspiracy." Ltr. at 1-2. The government has already provided more than ample information with respect to each of these requests, among other requests, and the defendant cannot justify why he is entitled to the additional information sought.

First, the defendant's requests ignore the nature of the charges against him. As mentioned above, the defendant has been charged with three conspiracies and no substantive counts. For these three conspiracies, the government is not required to establish the date, time and circumstances of each bribe, each false statement in Braskem's books and records, each false certification of a financial report, or each money laundering transaction over the charged period. See United States v. Urso, 369 F. Supp. 2d 254, 272 (E.D.N.Y. 2005) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars."). The defendant is not entitled to a detailed list of every act the government may prove at trial that demonstrates the defendant's participation in the charged conspiracies. See United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge."). More specifically, with respect to the bribery conspiracy charged in Count One, the government is not required to identify the officials or intermediaries who received or facilitated the bribe payments or even to prove that a payment took place, let alone identify "which bribery schemes various payments were designed to facilitate." See Opposition at 47.

Second, in making his requests, the defendant ignores the significant information that the government has already provided. For example, the government has made it clear that the Polypropylene Plant and Naphtha bribes are just two examples of bribes involved in the conspiracy charged in Count One. See, e.g. Indictment ¶ 20 (alleging that the defendant "approved bribe negotiations and bribe payments that were later made by the [Division of Structured Operations ("DSO")] to Foreign Official 1, among others, including payments" in connection with the Polypropylene Plant and the Naphtha contract) (emphasis added); id. ¶ 22 ("between in or about 2002 and 2006, [Grubisich] agreed with others that Odebrecht would make corrupt payments to support Braskem's financial and political interests"). The discovery also provides additional information about the bribery scheme. For example, the Braskem Statement of Facts provides information about Braskem's provision of corrupt funds to Brazilian officials before 2006 and Grubisich's involvement in discussions with those foreign officials.[1] The government has also identified for the defendant all the payments from Braskem to the Caixa 2 slush fund companies, the flow of bribe funds from Braskem to government officials, and which

---

[1] In his letter, the defendant claims that some of the information the government has cited in response to his requests for a bill of particulars is not specific enough to assist him in understanding the charges against him; to illustrate this argument, the defendant cherry-picks a single document that the government pointed the defendant to in response to his motion, the Odebrecht Statement of Facts (Attachment B to Defendant's Letter), and complains that while the document does discuss the defendant's conduct with respect to the Polypropylene Plant and Naphtha bribes, the document also discusses other, related schemes in which the defendant is not directly implicated. Ltr. at 1. This argument is unavailing. First, the Odebrecht Statement of Facts is one of many documents that the government has pointed the defendant to in response to his motion. Second, the defendant ignores the fact that the government referenced that particular document both because it had information about the bribery scheme, and because it contained information regarding the operation of the DSO, which is highly relevant to the charges against him. Finally, even if the document only contained some information specific to the defendant, alongside other information, that would not render the document unresponsive or unhelpful.

U.S. and other bank accounts were used to make the payments.  See Ex. B to Ltr.  Rule 7(f) "does not require the United States Attorney to furnish a three dimensional colored motion picture of the prosecution's proof prior to trial."  United States v. Caruso, 948 F. Supp. 382, 395 (D.N.J. 1996) (citations omitted).

        The defendant has failed to show how the specific, detailed information provided by the government to date is insufficient to understand the nature of the charged conspiracies, nor does he articulate any legal basis that would entitle him to additional information or a list of every possible bribe payment or step in furtherance of his participation in the decades-long criminal conduct charged here.  He has not come close to meeting his burden to show that denial of the requested particulars will result in "prejudicial surprise at trial or will adversely affect his rights."  United States v. Maneti, 781 F. Supp. 169, 186 (W.D.N.Y. 1991).  Rather, his requests impermissibly seek disclosure of the precise way in which the government intends to prove its case, in a naked attempt to force the government to reveal its trial strategy and limit the government's ability to try its case.  See United States v. Bellomo, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant; or disclose its legal theory.").  "Because a bill of particulars confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case."  United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

For the reasons set forth above, the Court should deny the defendant's request to compel the production of a bill of particulars.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By: /s/
Alixandra Smith
Julia Nestor
Assistant U.S. Attorneys
(718) 254-7000

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division
U.S. Dept. of Justice

By: /s/
Lorinda Laryea, Assistant Chief
Leila Babaeva, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
(202) 353-3439

cc: (by ECF and Email)