

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AES:JN<br>F. #2019R00102 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

November 30, 2020

<u>By E-mail and ECF</u>

Edward Y. Kim
Henry L. Ross
Krieger Kim & Lewin LLP
500 Fifth Avenue
New York, NY 10110

Paul Shechtman
Bracewell
1251 Avenue of the Americas
New York, New York 10020

   Re: United States v. Jose Carlos Grubisich
      <u>Criminal Docket No. 19-102 (RJD)</u>

Dear Counsel:

   The government writes in response to the order issued by the Court during oral argument on November 9, 2020 directing the government to provide certain information sought by the defendant's motion for a bill of particulars. Specifically, the Court ordered that the government provide the defendant with information regarding which bribes it may seek to prove at trial as part of the bribery conspiracy charged in Count One of the Indictment.[1]

   First, as the government has made clear on numerous occasions, including in its Indictment, the heart of its proof at trial as to Count One will be the bribes paid in connection with the Polypropylene Plant and Naphtha contract. <u>See</u>, e.g. Indictment ¶¶ 20, 27-33 (alleging that the defendant "approved bribe negotiations and bribe payments that were later made by the [Division of Structured Operations ("DSO")] to Foreign Official 1, among others, including payments" in connection with the Polypropylene Plant and the Naphtha contract). In addition to

---

[1] Consistent with the Court's oral order, the government provides herein information it is, at this point, aware of and anticipates introducing evidence of at trial. Should the government learn of additional information as to other bribes that it intends to prove at trial, it will provide notice to the defendant in advance of trial. This letter is not intended to limit the government's further investigation or its proof at trial.

these two examples, as alleged in the Indictment, at trial the government also intends to prove that in furtherance of the charged bribery scheme, the defendant approved the repayment of Braskem S.A.'s ("Braskem") $10 million bribe-related debt to the DSO, Indictment ¶ 34, asked the DSO to arrange for the release of "100,000" in an unspecified denomination for the ETH program, and further stated that another ETH executive would sort out the details with the DSO, Indictment ¶ 40.

       The government also intends to introduce the below evidence of bribe payments that were made in furtherance of the conspiracy at trial.

- Between in or about 2002 and 2006, Grubisich, while he was President of Braskem, knew that Odebrecht S.A. ("Odebrecht") paid bribes to Brazilian officials on Braskem's behalf, and was involved in discussions about bribe payments. Specifically, the government intends to introduce evidence that the defendant was aware of bribe payments made to the campaigns of Brazilian President Luiz Inacio Lula da Silva ("Lula") in 2002 and 2006, and to Lula's administration while in office. These payments resulted in several benefits to Braskem, including preventing Petrobras from acquiring Ipiranga Petroquimica, a plastics company and allowing Braskem to acquire the company in 2007, as well as Lula's support of privatization of the petrochemical industry in Brazil.

- In 2006, as part of the bribery scheme, Braskem made a $650,000 payment to Antonio Palocci Filho, then-Minister of Finance in Brazil.

- Between in or around 2003 and 2010, a period in which Grubisich was affiliated with Braskem and/or other Odebrecht-related companies, Braskem made illicit bribe payments in the form of "donations" to the Brazilian Progressive Party through then-Brazilian Congressman Jose Janene and then-Petrobras Official Paulo Roberto Costa in order to try and resolve various issues between Petrobras and Braskem. See Translation of Braskem Statement of Facts at 13-15.

- The government intends to introduce into evidence all payments made by Braskem to Paolo Roberto Costa during the time period of the conspiracy, which are referenced on pages 28-29 of the Translation of Braskem Statement of Facts (Appendix 2).

        Sincerely,

        SETH D. DUCHARME
        Acting United States Attorney

By:    /s/
        Alixandra Smith
        Julia Nestor
        Assistant U.S. Attorneys
        (718) 254-7000

        DANIEL S. KAHN
        Acting Chief, Fraud Section
        Criminal Division
        U.S. Dept. of Justice

By:    /s/
        Lorinda Laryea, Assistant Chief
        Leila Babaeva, Trial Attorney
        Criminal Division, Fraud Section
        U.S. Department of Justice
        (202) 353-3439

cc: Clerk of Court (RJD) (by ECF and Email)