

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:JN
F.#2012R00103

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 14, 2021

By Hand and ECF

Shayna Bryant
U.S. Probation Officer
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

   Re: United States v. Jose Carlos Grubisich
      Criminal Docket No. 19-102 (RJD)

Dear Officer Bryant:

   The government respectfully submits this letter objecting to the Presentence Investigation Report, dated June 30, 2021 ("PSR"). The defendant Jose Carlos Grubisich joins in the government's objections. The paragraphs referenced below, noting the government's objections, refer to the PSR. The government's objections are largely to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") calculation included in the PSR. The government also notes that, pursuant to the plea agreement, it has agreed to recommend that the sentence imposed on each of the two counts run concurrently. See Plea Agreement ¶¶ 1, 2, and 5(b).

- **Paragraph 27:** The government objects to the grouping analysis in the PSR. As the PSR notes, the applicable Guideline for Count One is U.S.S.G. § 2C1.1 and the applicable Guideline for Count Two is U.S.S.G. § 2B1.1. The PSR asserts that Counts One and Two "are grouped per U.S.S.G. 3D1.2(d), because the offense level is determined largely on the basis of the total aggregate amount of loss, quantity, or harm." It is the government's position that this grouping analysis is incorrect.

  While the offense level under U.S.S.G. § 2B1.1 is determined largely based on the loss amount, the offense level for U.S.S.G. § 2C1.1 is determined largely by "the value of the payment, the benefit received or to be received in return for the payment, the value of anything obtained or to be obtained by the public official . . . or the loss to the government from the offense, whichever is greatest. . . ." *Compare* Application Note 3 of U.S.S.G. § 2B1.1 *with* U.S.S.G. § 2C1.1(b)(2).

Although U.S.S.G. § 2C1.1(b)(2) also contemplates using "loss to the government" as the basis for determining the offense level, in this case, the basis for the offense level under the Guidelines for Count One is the value of the payment or benefit received in return for the bribe payment, and not based on any "loss to the government." Thus, because the total offense level under the Guidelines for Count One is not "determined largely on the basis of the total amount of harm or loss," Counts One and Two do not group under U.S.S.G. § 3D1.2(d).

Additionally, U.S.S.G. § 3D1.3(b) also counsels against grouping under U.S.S.G. 3D1.2(d). U.S.S.G. § 3D1.3(b) states that for "counts grouped together pursuant to § 3D1.2(d), the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two. . . ." That Guideline indicates that grouping under U.S.S.G. § 3D1.2(d) requires aggregating the monetary amounts for the different counts under one Guideline, here U.S.S.G. § 2B1.1 or U.S.S.G. § 2C1.1. U.S.S.G. § 2C1.1 focuses on the benefit received or the value of the payment, while U.S.S.G. § 2B1.1 focuses on the loss or pecuniary harm suffered. The definition of "loss" under U.S.S.G. § 2B1.1 differs from, and does not encompass, the definition of "benefit received" or "value of the payment" under U.S.S.G. § 2C1.1, and vice versa. Therefore, the monetary amounts from Counts One and Two cannot be aggregated because the monetary amount from Count Two (the amount diverted from Braskem S.A. as a result of the books and records violations) does not fit within the definition of "the value of the payment or the benefit received" under U.S.S.G. § 2C1.1, and the monetary amount from Count One (the value of the bribe or the benefit received from the bribe scheme) does not fit under the definition of "loss" in U.S.S.G. § 2B1.1. The inability to aggregate these monetary amounts in order to determine the offense level under U.S.S.G. § 3D1.3(b) further demonstrates that the counts do not group pursuant to U.S.S.G. § 3D1.2(d). The defendant joins the government's objection as to Paragraph 27.

- **Paragraph 28:** As discussed above, the government objects to the grouping of Counts One and Two under U.S.S.G. § 3D1.2(d) and thus, also objects to the calculation of the Guidelines for both Counts One and Two under U.S.S.G. § 2C1.1. As noted above, the defendant joins in the government's objections. Instead, the parties believe that the appropriate Guidelines calculation is set forth in the plea agreement entered between the parties. See Plea Agreement ¶ 2.

- **Paragraph 29:** The PSR states that "the instant offense involved more than one bribe," and as a result, adds a two-level enhancement to the Guidelines calculation under U.S.S.G. §2C1.1(b)(1). The government objects to this enhancement because in his allocution, the defendant admitted to being involved in one incident of bribery and that single incident of bribery formed the basis of the guilty plea to Count One. The defendant joins the government's objection as to Paragraph 29.

- **Paragraph 30:** The PSR states that the "total amount of monetary harm involved in the bribery and records violations exceeded $250 million but was not more than $550 million," and, as a result, a 28-level enhancement is added pursuant to U.S.S.G. § 2B1.1 (b)(1)(O). The

2

government agrees that the actual loss from the books and records conspiracy charged in Count Two exceeded $250 million but was not more than $550 million.  See Plea Agreement ¶ 2.  However, as previously discussed, the government objects to the grouping of Counts One and Two under U.S.S.G. § 3D1.2(d), and thus also objects to the use of this loss number in the Guidelines calculation under U.S.S.G. § 2C1.1.  The defendant agrees with the government's position.  As articulated above, the appropriate Guidelines calculation, in the government's view is articulated in the parties' plea agreement.  See Plea Agreement ¶ 2.

- **Paragraph 32:**  The PSR states that the defendant "did not complete all the acts necessary for the bribery, as only a portion of the funds had been dispersed from the secret account controlled by the defendant prior to the end date of the offense.  As such, a three-level reduction in the offense level is warranted per U.S.S.G. 2X1.1(b)(2)."  U.S.S.G. § 2X1.1(b)(2) states: "[i]f a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all of the acts the conspirators believed necessary on their part for the successful completion of the substantive offense. . . ."  The government objects to the three-level reduction under U.S.S.G. § 2X1.1(b)(2) because a violation of the Foreign Corrupt Practices Act ("FCPA") is complete upon the "*offer*, payment, *promise to pay, or authorization of the payment* of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official."  15 U.S.C. § 78dd-1(a) (emphasis added).  The FCPA does not require the bribe payor to actually send the corrupt payment or for the foreign official to actually receive it.  Id.  As such, "the successful completion of the substantive offense" occurred at

3

the offer, promise, and approval of the bribe that the defendant described in his allocution, and a three-level reduction in the offense level is not warranted.

                                            Respectfully Submitted,

                                            JOSEPH S. BEEMSTERBOER
                                            Acting Chief, Fraud Section
                                            Criminal Division
                                            Department of Justice

By:        /s/
                Lorinda Laryea
                Leila Babaeva
                Trial Attorneys
                (202)549-5731/(202)353-3439

                JACQUELYN M. KASULIS
                Acting United States Attorney

By:        /s/
                Alixandra Smith
                Julia Nestor
                Assistant U.S. Attorneys
                (718) 254-7000

cc:     Clerk of Court (RJD) (by ECF)
        Defense counsel (by ECF)