# BRACEWELL

September 24, 2021

**VIA ECF**

Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>United States v. Jose Carlos Grubisich</u>

Dear Judge Dearie:

      We write briefly in response to the government's sentencing submission to make a few points:

      1.    At several places, the government criticizes Mr. Grubisich for not devoting more space in his submission to the crime to which he has pled guilty.  <u>See, e.g.</u>, G. Mem. 2 ("[Mr. Grubisich] devotes barely two pages to discussing his criminal conduct").  But Mr. Grubisich fully accepts responsibility for his conduct.  He has admitted his wrongdoing, and contrary to the government's suggestion, he does not blame others for his actions.  His guilty plea did not mince words.  His remorse is genuine.  The culture of Odebrecht was corrupt, but he did not have to go along with it.

      2.    The government is correct that FCPA cases take time to investigate and prosecute (G. Mem. 10-11), but that does not alter the fact that Mr. Grubisich's involvement in the bribery scheme at the center of this case occurred more than a dozen years ago and that he left

**Paul Shechtman**
Partner

T: +1.212.508.6107    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
paul.shechtman@bracewell.com    bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

September 24, 2021
Page 2

Braskem in 2008 and the Odebrecht sphere entirely in early 2012, when he became the CEO of Eldorado. Criminal conduct should not go unpunished, but a lengthy sentence in 2021 for what occurred more than a decade earlier seems out of line.

   3. Quoting U.S.S.G. §5H.11, the government writes that "[c]ivic, charitable or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a departure is warranted," and argues that the same principles "should similarly guide an analysis under Section 3553(a)." G. Mem. 11. The happiest fact about federal sentencing, post-Booker, is that the rigidity of the guidelines is behind us. The Court is allowed, indeed obliged, to consider the "history and characteristics of the defendant." Mr. Grubisich's history and characteristics are truly extraordinary. Few people have done so much unselfishly for so many. His good works have not been limited to financial contributions (though he has given with incredible generosity). He has poured his time and energy into helping those around him. His good deeds do not "absolve him of responsibility," G. Mem. 11, for his criminal conduct, but they should weigh heavily in the Court's sentencing decision.

   4. The government cites United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993), a pre-Booker case, for the proposition that alienage is not a basis for a downward departure. But every judge knows that prison sentences for foreigners are harsher than for U.S. citizens. See Watts v. Indiana, 338 U.S. 49, 52 (1949)("this Court should not be ignorant as judges of what we know as men"). Former Chief Judge McMahon, we submit, had it right in Connolly, when she let that reality influence her sentencing. See D. Mem. 27. The point is even stronger given the

# BRACEWELL

September 24, 2021
Page 3

COVID-19 pandemic and Mr. Grubisich's health conditions, which make the consequences of infection more dire. The pandemic is not behind us (the Delta variant has exacerbated the problem), and federal prison is not a welcome place for anyone.

\* \* \*

In sum, the government's sentencing submission focuses almost single-mindedly on the need for general deterrence. That, of course, is a legitimate concern, but it is far from the only factor that this Court should consider in fashioning a just sentence in this case. We continue to believe a time-served sentence would be just.

    Respectfully submitted
    BRACEWELL LLP
    /s/ Paul Shechtman
    Paul Shechtman

    KRIEGER KIM & LEWIN LLP

    Edward Y. Kim
    Henry Ross

PS/wr